# GT GreenbergTraurig

Brian Pantaleo
Tel: (561) 650-7960
Fax: (561) 838-8812
pantaleob@gtlaw.com

March 29, 2019

**VIA ECF**

Honorable Christine M. Gravelle
United States Bankruptcy Judge
402 East State Street, Ctrm: #3
Trenton, NJ 08608

RE:  Bankruptcy Petition #: 18-33285-CMG
     Foreclosure Palm Beach County, Florida
     Case No: 502018CA11174 XXXX MB AF

Dear Judge Gravelle:

This office represents U.S. Bank National Association, Successor in Interest to Bank of America, National Association, Successor by Merger to Lasalle National Association as Trustee for GSAMP Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1 ("U.S. Bank") in the Florida foreclosure matter identified above. Accordingly, U.S. Bank is the first-priority mortgagee, for debtors Jacqueline and Larry Kushner's property located in Boynton Beach, Florida. We are seeking guidance from the Court regarding a prior New Jersey Bankruptcy Court Order.

On October 15, 2017, the Honorable Katherine C. Ferguson, United States Bankruptcy Judge, issued an Order granting prospective stay relief under 11 USC 362(d)(4). Judge Ferguson noted that the Kushners had filed, at least, five other bankruptcies for the purposes of delaying a foreclosure action related to their Boynton Beach property. The second-priority lien holder, Wyndsong HOA, obtained this Order granting stay relief in an earlier foreclosure case, which Wyndsong HOA and Kushner's ultimately resolved. Accordingly, Judge Ferguson determined that the Order for Stay Relief would be binding "in any other Bankruptcy case purporting to affect the Subject Property which is filed no later than 2 years after the date of the entry of this Order by the Court."

Here, the Kushners' latest bankruptcy petition caused U.S. Bank's subsequent foreclosure action (case number 502018CA11174) to be stayed. As a result, Wyndsong HOA, a defendant in this action as the second-priority lienholder, filed Judge Ferguson's October 2017 Order with the foreclosure court. But the Kushners have taken the position that this stay relief only applies to the foreclosure actions instituted by Wyndsong HOA.

Honorable Christine M. Gravelle
March 29, 2019
Page 2 of 2

Consequently, we seek guidance from this Court as to whether Judge Ferguson's October 2017 Order applies to U.S. Bank's foreclosure action in Palm Beach County, Florida. Further, if the Court deems that this Order applies, we request an additional two-and-a-half-year relief from stay – from the date of Your Honor's determination – to timely complete foreclosure proceedings on this property.

We have attached Wyndsong HOA's Notice for the Court's review. Should the Court require any further assistance, please do not hesitate to contact me.

Very truly yours,

Brian S. Pantaleo

BSP:tmc
Attachment

cc:
Larry and Jacqueline Kushner, (via ECF and email: larry.kushner@gmail.com)
Albert Russo, Trustee (via ECF)
US Dept. of Justice, US Trustee (via ECF)
Seth Amkraut, Esq. (via email: seth@gerstin.com; lisa@gerstin.com; filings@gerstin.com)
Gweneth Brimm, Esq. (via email: mail@rasflaw.com; gbrimm@rasflaw.com)

Filing # 84842217 E-Filed 02/13/2019 10:16:20 AM

## IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

U.S. BANK NATIONAL ASSOCIATION,
SUCCESSOR IN INTEREST TO BANK
OF AMERICA, NATIONAL ASSOCIATION,
SUCCESSOR BY MERGER TO LASALLE
NATIONAL ASSOCIATION AS TRUSTEE
FOR GSAMP TRUST 2007-NC1
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-NC1,

       Case No. 502018CA011174XXXXMBAF

    Plaintiff,

v.

JACQUELINE KUSHNER, UNKNOWN
SPOUSE OF JACQUELINE KUSHNER,
WYNDSONG ESTATES HOMEOWNERS
ASSOCIATION, INC., WYNDSONG ISLE
ESTATES HOMEOWNERS ASSOCIATION,
INC., ANY AND ALL UNKNOWN
PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN
NAMED INDIVIDUAL DEFENDANT(S)
WHO ARE NOT KNOWN TO BE DEAD
OR ALIVE, WHETHER SAID UNKNOWN
PARTIES MAY CLAIM AN INTEREST
AS SPOUSES, HEIRS, DEVISEES,
GRANTEES, OR OTHER CLAIMANTS,

    Defendants.
_____/

## NOTICE OF FILING

Defendant, WYNDSONG ESTATES HOMEOWNERS ASSOCIATION, INC. ("Wyndsong Estates") hereby gives Notice of Filing Notice of Interest in Real Property, recorded in the Public Records of Palm Beach County, Florida in O.R. Book 29420 at Page 1008. A copy of the Notice of Interest in Real Property is attached hereto as Exhibit "1".

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via electronic mail this 13 day of February, 2019 to: Gweneth Brimm, Esq., Robertson, Anschutz & Schneid, P.L., at mail@rasflaw.com, and gbrimm@rasflaw.com, to Brian Pantaleo, Esq., Greenberg Traurig, P.A., at pantaleob@gtlaw.com, chalkleyt@gtlaw.com, and FLService@gtlaw.com, and to any and all other persons so designated to receive electronic service of documents in the instant litigation.

Gerstin & Associates
40 S.E. 5th Street, Suite 610
Boca Raton, FL 33432
Telephone: 561-750-3456
Facsimile: 561-750-8185
Email: seth@gerstin.com
lisa@gerstin.com
filings@gerstin.com

By: _____
Seth M. Amkraut, Esq.
Florida Bar No. 90858

CFN 20170373386
OR BK 29420 PG 1008
RECORDED 10/23/2017 09:13:40
Palm Beach County, Florida
AMT
Sharon R. Bock
CLERK & COMPTROLLER
Pgs 1008-1011; (4Pgs)

Prepared By and Return to:
Joshua Gerstin, Esq.
Gerstin & Associates
40 S.E. 5th St., Suite 610
Boca Raton, FL 33432
(561) 750-3456

_____[Space Above This Line For Recording Data]_____

# NOTICE OF INTEREST IN REAL PROPERTY

This Notice of Interest in Real Property hereby serves as notice that the Wyndsong Estates Homeowners Association, Inc. claims an interest in the real property described hereinbelow pursuant to 11 U.S.C. §362(d)(4) by virtue of the attached Court Order entered in the matter of *In re Kushner*, Case No. 17-23895-KCF (Bankr. D. NJ. October 15, 2017). To obtain information as to this Notice of Interest in Real Property, please contact Joshua Gerstin, Esq. at 40 S.E. 5th St., Suite 610, Boca Raton, FL 33432.

Legal Description: Lot 26, CRYSTAL LAKE, according to the Plat thereof, recorded in Plat Book 96, Page 107, of the Public Records of Palm Beach County, Florida

Property Address: 10845 Lake Wynds Court, Boynton Beach, FL 33437

Parcel Control Number: 00-42-45-27-15-000-0260

Witness hand and seal this 19 day of October, 2017.

Joshua G. Gerstin, Esq. as attorney-in-fact for
Wyndsong Estates Homeowners Association, Inc.

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 19 day of October, 2017, by Joshua Gerstin, Esq., as attorney-in-fact for the Wyndsong Estates Homeowners Association, Inc., who is personally known to me and did not take an oath.

My Commission Expires:

Notary Public

LISA ALINE KOCHLANY
MY COMMISSION #FF101653
EXPIRES March 25, 2018
(407) 398-0153 FloridaNotaryService.com

Lisa Aline Kochlany
Printed Name

EXHIBIT
1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Law Office of Mark A. Kriegel, LLC
Mark A. Kriegel, Esq. (01780-2000)
1479 Pennington Rd.
Ewing, NJ 08618
(609) 883-5133 (Phone)
(609) 450-7237 (Fax)
mkriegel@kriegellaw.com

Order Filed on October 15, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Jacqueline Kushner,

   Debtor.

Case No.:       17-23895
Chapter:        13
Hearing Date:   September 27, 2017
Judge:          Kathryn C. Ferguson

**ORDER GRANTING PROSPECTIVE STAY RELIEF UNDER 11 U.S.C. 362(d)(4)**

The relief set forth on the following pages (2) and (3) is **ORDERED**.

DATED: October 15, 2017

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

Case 18-33285-CMG    Doc 51    Filed 03/29/19    Entered 03/29/19 15:10:41    Desc Main
Document     Page 7 of 8

Case 17-23895-KCF    Doc 41    Filed 10/15/17    Entered 10/19/17 09:21:26    Desc Main
Document     Page 2 of 3

CFN 20170376338
BOOK 29420 PAGE 1010
3 OF 4

THIS MATTER having come before the court for a hearing on Creditor, Wyndsong Estates Homeowners Association, Inc.'s Motion to Dismiss Bad Faith Petition, or for Relief from Stay, and Motion to Exempt Property from Stay, and for good cause shown it is

**ORDERED** as follows:

WHEREAS Debtor and her husband, Larry Jay Kushner ("LJK"), are defendants in a homeowner's association foreclosure action brought by Creditor, Wyndsong Estates Homeowners Association, Inc. ("Wyndsong HOA"), which is pending in Palm Beach County, Florida with respect to real property located at 10845 Lake Wynds Court, Boynton Beach, FL 33437 (hereinafter the "Subject Property"), assigned case number of the Palm Beach County, Florida foreclosure action is 502011CA014967XXXXMBAW ("Foreclosure Action"), and Debtor is the sole owner of the Subject Property; and

WHEREAS During the pendency of the Foreclosure Action, Debtor and LJK have each filed two bankruptcy petitions affecting the Subject Property, including the instant case. The three prior cases are *In re Larry Jay Kushner*, Case No. 13-16619-CMG, *In re Jacqueline Kushner*, Case No. 13-28601-MBK, *In re Larry Jay Kushner*, Case No. 16-33591-CMG. The four bankruptcy cases were staggered, never overlapped, were not filed jointly by Debtor and LJK, and were each used to prevent a foreclosure sale from taking place in the Foreclosure Action; and

WHEREAS *In re Larry Jay Kushner*, Case No. 13-16619-CMG was filed on March 28, 2013 which stopped a foreclosure sale in the Foreclosure Action scheduled for April 1, 2013. LJK requested three extensions of time to file his schedules. He never filed his schedules and the case was dismissed on May 13, 2013; and

WHEREAS *In re Jacqueline Kushner*, Case No. 13-28601-MBK was filed on August 26, 2013, which stopped a foreclosure sale in the Foreclosure Action scheduled for August 26, 2013. Debtor requested two extensions of time to file her schedules. She never filed her schedules and the case was dismissed on October 15, 2013; and

WHEREAS *In re Larry Jay Kushner*, Case No. 16-33591-CMG was filed on December 12, 2016. On March 10, 2017, Florida's Fourth District Court of Appeal denied Debtor's and LJK's request to stay a foreclosure sale in the Foreclosure Action scheduled for March, 13, 2017. Following the denial, LJK filed an emergency motion to cancel the foreclosure sale in the immediately above-referenced bankruptcy case. The foreclosure sale was temporarily stayed, but LJK's motion was eventually denied. Wyndsong HOA was also granted immediate and prospective stay relief, and the case was dismissed on May 19, 2017; and

WHEREAS The instant petition was filed on July 10, 2017, which stopped a foreclosure sale in the Foreclosure Action scheduled for July 10, 2017. The petition was filed after Debtor and LJK were again unable to stop the foreclosure sale in the Florida Fourth District Court of Appeal.

2

Case 18-33285-CMG    Doc 51    Filed 03/29/19    Entered 03/29/19 15:10:41    Desc Main
Document    Page 8 of 8
Case 17-23895-KCF    Doc 41    Filed 10/15/17    Entered 10/19/17 09:21:26    Desc Main
Document    Page 3 of 3

CFN 20170378386
BOOK 29420 PAGE 1011
4 OF 4

WHEREAS Debtor did not file schedules with her petition. On July 21, 2017, Debtor filed a motion to extend the time to file her schedules [D.E. 14]. The Court granted the motion and extended Debtor's to August 8, 2017 [D.E. 19]. On August 8, 2017, Debtor filed partial schedules [D.E. 26], and a second motion to extend the filing deadline [D.E 27]. On August 15, 2017, the Court denied Debtor's Motion to extend the filing deadline [D.E. 29], and dismissed the instant case [D.E. 30]; and

WHEREAS Based upon the timing and circumstances of each bankruptcy case referenced herein, the Court finds Debtor and LJK have filed multiple bankruptcies affecting the Subject Property, and such filings were part of a scheme to hinder and delay Wyndsong HOA from conducting a foreclosure sale of the Subject Property in the Foreclosure Action.

**IT IS ORDERED** that based upon the Court's findings herein, Wyndsong Estates Homeowners Association, Inc. is granted prospective *in rem* stay relief pursuant to 11 U.S.C. § 362(d)(4) with respect to any bankruptcy case purporting to affect the Subject Property located at 10845 Lake Wynds Court, Boynton Beach, FL 33437. This relief shall take immediate effect, without regard to Fed. R. Bankr. P. 4001(a)(3). This Order may be recorded in the public records of Palm Beach County, Florida in accordance with 11 U.S.C. § 362(d)(4).

**IT IS FURTHER ORDERED** that this Order shall be binding in any other Bankruptcy case purporting to affect the Subject Property which is filed not later than 2 years after the date of the entry of this Order by the court

3