**Submitted by**
**Larry Kushner**
**Debtor pro-se**
<u>Larry.Kushner@gmail.com</u>
**(732) 670-6703**

**Jacqueline Kushner**
**Debtor pro-se**
momkush@gmail.com
**(732) 670-4277**



## UNITED STATES BANKRUPTCY COURT

**DISTRICT OF NEW JERSEY**
402 East State Street
Trenton, NJ 08608

**IN RE: JACQUELINE KUSHNER**
    **AND LARRY J. KUSHNER**

        **CASE NO. 18-33285-CMG**
        **CHAPTER 13**
        **Judge Christine M. Gravelle**

**Soc. Sec. No. xxx-xx-5868**
           **xxx-xx-5977**

---

**LARRY KUSHNER,**
**JACQUELINE KUSHNER**

    **DEBTORS-PLAINTIFFS**      **ADVERSARY PROC.**
                                        **DKT #_____**
**V.**

**SHAUN GOLDEN (GOLDEN) AS SHERIFF OF MONMOUTH**
**COUNTY NEW JERSEY; AND GURBIR SINGH GREWEL (GREWEL)**
**AS ATTORNEY GENERAL OF NEW JERSEY; AND STUART RABNER**
**(RABNER) AS CHIEF JUDGE OF THE COURTS OF NEW JERSEY;**
**AND JOHN AND JANE DOE UNKNOWN DEFENDNATS NUMBERED**
**1-10,**

**DEFENDANTS**

---

**COMPLAINT-ADVERSARY PROCEEDING**
------------------------------------------------------

The Debtors, Jacqueline Kushner and Larry J. Kushner, in this Case hereby file this Complaint against the defendants named herein and allege as follows.

## JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §1331, and the Declaratory Judgment Act, 28 U.S. Code § 2201 et seq.

2. This Court has jurisdiction over this case founded on 28 USC Section 1354 or under USC Section 1334 (a) or in the alternative arising under the Bankruptcy Code or arising in or related to a Case under the Bankruptcy Code and because the District Court of this District has by Order pursuant to 28 USC Sec. 157 (a) referred all such cases and Civil proceedings to the Bankruptcy Judges of this District.

3. This is a core proceeding within the meaning of 28 USC 157 in that it is a matter concerning the administration of the Estate, seeks to determine or avoid a lien or judgement, arises or effects this Bankruptcy estate or the adjustment of the debtor creditor relationship.

4. To the extent that it is determined that this matter or any claim asserted in this matter is non-core then Plaintiff-debtor consents to the entry of a Final Order or judgement by this Court.

5. Venue Lies in this Court pursuant to 28 USC 1409 (a) because this is the Court in which debtor's bankruptcy case is pending.

## Summary

6. Plaintiffs/ debtors seek declaratory and injunctive relief, under

28 USC sec 1331.

7. Plaintiffs/ debtors hereby seek to enforce their rights under 42 USC Sec 1983.

8. Debtors are husband and wife and filed this Petition on 11/27/18.

9. Debtors own their principal residence at 731 Greens Ave, Long Branch, NJ

10. Defendant Shaun Golden, (Golden) is the elected Sheriff of Monmouth County, New Jersey.

11. Defendant Gurbir Singh Grewel (Grewel) is the Attorney General of New Jersey tasked with defending the legality of New Jersey laws and practices.

12. Defendant Stuart Jeff Rabner (Rabner) is the Chief Judge of New Jersey, and a Judge of the Supreme Court of New Jersey charged with administering and monitoring the Courts of New Jersey.

13. Other Individual Defendants, including John Does number 1 through 10 sued in their official and individual capacity are presumably officials tasked with administration and enforcing New Jersey law, who inter alia, caused the obtaining and or enforcing a judgement in the Courts of the State of New Jersey and who conducted an improper sale of plaintiffs residence and refused to release information in connection with that sale and refused to exercise their judicial authority to review said sale or vacate said sale, and are sued in their capacity as administrators tasked with enforcing policies which deny plaintiffs constitutional rights under color of law; they are persons within the meaning of 42 U.S.C. §1983 with respect to declarative and injunctive relief sought in this case.

## Facts Relevant to All Counts

14. HSBC BANK USA, trustee (hereinafter referred to as HSBC) is a bank and alleged holder of the 1st mortgage and lost note securing plaintiffs home.

15. HSBC alleges to hold a first mortgage on the debtor's residence.

16. HSBC hold a fraudulent or improperly obtained judgement against the debtor filed against their real estate at 731 Greens Ave, under dkt number F-030194-08.

17. HSBC filed a proof of claim in this matter on 2/4/19 under claim # 24-1 alleging under oath that they are owed money under this mortgage.

18. The proof of claim filed by the defendant's states that the claim is based upon a mortgage and a *"lost note"*.

19. The alleged judgement in New Jersey Superior Court is based on a representation of having the Note.

20. Defendant Golden allegedly conducted sale of the premises on or about November 18, 2018 based upon this improper judgement.

21. Defendant Golden conducted said sale without giving the plaintiff's the notice required under New Jersey Law, Rule 4:65-2.

22. The Plaintiff sought the pay-off or amount due under their statutory right of redemption and was given incorrect information and amounts.

23. The plaintiff sought information as to whom was the purported purchaser and the amount and that information was wrongfully refused by Golden and named defendant John Doe.

24. An action was brought in the Superior Court Monmouth County to vacate that sale and for other relief and that Court refused to exercise its statutory jurisdiction and hear this matter.

25. Golden and other defendants have refused to furnish information to these defendants that they are obligated to furnish in connection with this bankruptcy.

26. Defendant's actions violate their duty by law.

27. Defendant's actions interfere with plaintiff's ability to complete their Chapter 13 and keep their home.

28. This action is brought to enforce Plaintiffs rights in connection with the sale conducted and is therefore not barred by the doctrine or Rooker-Feldman.

29. Defendants action have jeopardized Plaintiff debtors right under the United States Code and under applicable State Law.

30. Defendants actions violate plaintiff's rights under 42 USC sec. 1983.

31. Plaintiff is entitled to relief under 28 USC 2201 the declaratory Judgement Act.

## FIRST REQUEST FOR RELIEF

32. Debtor-Plaintiffs s repeat, reiterate and emphasize all the above allegations above as they apply to this cause of action.

33. The defendants conduct in this proceeding as enumerated herein is improper.

34. The defendants as a matter of law are to be furnished the name and address of the purported buyer at auction.

35. The defendants gave the Plaintiff's incorrect information and incorrect information about the amounts required to redeem this property.

36. The defendants gave the Plaintiff's incomplete and incorrect

information when properly requested, and which information the Plaintiff was entitled to.

37. The defendant's actions have harmed the Plaintiff's.

38. That the defendant's actions may have damaged and interfered with Plaintiffs right of redemption and other rights.

39. That the defendant's actions and procedures violated New Jersey Law and the trust they have undertaken.

40. That by reasons of the foregoing plaintiff is entitled to a judgement vacating any sale of the property.

41. By reason of the foregoing plaintiff seeks a judgment vacating the lien and judgement on these premises.

42. The Plaintiff is entitled to a judgement declaring that the sale is void.

43. The Plaintiff is entitled to an injunction preventing and prohibiting the Plaintiff from accepting the proceeds of this sale or issuing a deed conveying these premises.

## SECOND REQUEST FOR RELIEF

44. The defendant repeats the allegations above in full above.

45. The Plaintiff is entitled to a Judgement declaring the actions of the Courts of new jersey were improper.

46. The plaintiff is entitled to a judgement vacating the sale and and determining the party's rights and whether another sale must be conducted.

## THIRD REQUEST FOR RELIEF

47. The debtor repeats the operative allegations above.

48. The Plaintiffs are entitled to a judgement declaring the sale void for the failure of the plaintiff to give them proper notice prior to the sale.

49. The plaintiffs are entitled to a judgement that their rights have been violated.

50. Plaintiff is entitled to an injunction prohibiting the defendant's conveyance of this property.

WHERFORE, PLAINTIFF DEBTOR seeks a judgement:

1. Declaring that the sale of 731 Greens Ave, Long Branch, NJ be declared null and void and be vacated: and

2. Ordering the alleged sale of the property a nullity; and

3. Reinstating the mortgage on the premises; and

4. Ordering the courts of the State of New Jersey conduct a hearing on the validity of the judgement; and; and

5. Declaring that the Plaintiff's rights under 42 USC 1983 were violated; and

6. Staying any conveyance of this property until a new sale can be conducted pursuant to an Order of this Court; and

7. Awarding to the Plaintiff damages in the amount determined by this Court both compensatory and punitive in an amount not less than 2 million dollars; and

8. For such other relief as these allegations and the proof

supports.

October 6, 2019

------------------------------------

LARRY J KUSHNER,
Debtor - pro-se
(732) 670-6703

------------------------------------

JACQUELINE KUSHNER,
Debtor - pro-se
(732) 670-4277

LARRY KUSHNER,
731 GREENS AVE
LONG BRANCH, NJ 07740
732-670-6703

OCTOBER 13, 2019

US BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
402 EAST STATE STREET
TRENTON, NJ 08608

ATT: BANKRUPTCY CLERK'S OFFICE

RE: IN RE: KUSHNER 18-33285 (CMG)
NEW FILING ADVERSARY PROCEEDING
"KUSHNER V. GOLDEN, GREWEL ETC"

DEAR SIRS:

I AM THE DEBTOR IN THE ABOVE CAPTIONED MATTER AND HEREBY SUBMIT THE ATTACHED COMPLAINT FOR FILING, IN A NEW ADVERSARY PROCEEDING AGAINST SHAUN GOLDEN, GURBIR SINGH GREWEL AND STUART RABNER ET AL.

PLEASE FILE THIS ORIGINAL AND ISSUE A SUMMONS TO THE DEFENDANT'S SO THAT THEY MAY BE SERVED.

PLEASE ACKNOWLEDGE RECEIPT AND ADVISE ME IF ANYTHING ELSE IS REQUIRED.

VERY TRULY YOURS,

LARRY KUSHNER